IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE E. GONZALES, PETER E. COMEZ,
EMELINA GRANT, TERESITA GARCIA MARTINEZ
and MARIA ERNESTINA MONTOYA,

    Plaintiffs,

vs.                                           No. 00-CV-60 WPJ-RS ACE

UNITED STATES OF AMERICA, and
BILL RICHARDSON, Secretary of the DEPARTMENT
OF ENERGY,

    Defendants.

PAJARITO PLATEAU HOMESTEADERS, INC.,

    Plaintiffs,

vs.                                             No. 01-CV-588 MCA-RLP ACE

UNITED STATES OF AMERICA, et al.

    Defendants.

### REQUESTED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Applicant Sawtell, Wirth & Biedscheid, P.C. (Bryan P. Biedscheid), on behalf of itself and Catron, Catron & Pottow, P.A., formerly known as Catron, Catron & Sawtell, P.A., submits the following as its Requested Findings of Fact and Conclusions of Law:

FINDINGS OF FACT

1.     Sawtell, Wirth & Biedscheid, P.C. and Catron, Catron & Pottow, P.A.'s Application and Claim for Award of Attorneys' Fees and Reimbursement of Costs was properly filed herein on May 16, 2005.

2.     Catron, Catron & Sawtell, P.A. represented Plaintiffs as local counsel in Case No. 01-0588 and Case No. 01-01166 on a contingent fee basis from 3/25/02 through



10/3/02 (Case No. 01-01166) and 10/7/02 (Case No. 01-0588), when the Orders allowing its withdrawal were entered by the Court. Its co-counsel in both cases were Cheryl Hamer Mackell and Kenneth F. McCallion and its fee agreement was with co-counsel.

3. During the time it acted as local counsel, Catron, Catron & Sawtell, P.A. advanced the interests of its clients by engaging in motions practice, discovery, meeting with members of the Board of Pajarito Plateau Homesteaders Association and also with the general Association membership to inform both about the status of the litigation and to advise them about the benefits of the legislative settlement option, and by defending 14 depositions and taking 2 depositions, among other actions.

4. On May 30, 2002, counsel for defendants filed a motion to consolidate Case No. 00-00060 with Case No. 01-00588, which was unopposed by counsel for Pajarito Plateau Homesteaders, et al. On August 19, 2002, the Court entered its Order consolidating both of the above-referenced cases filed by Pajarito Plateau plaintiffs.

5. From May 30, 2002, the cases referenced in No. 4, above, were treated by all counsel as if they were soon to be consolidated rather than as segregated matters.

6. While all 16 depositions taken were noticed in Case No. 01-01166, there were common issues of fact with Case No. 01-00588 *and* Case No. 00-00060 which were covered in the depositions and, due to the pending consolidation and the overlapping fact issues involved in the three cases, the depositions were relevant to all cases.

7. During the meetings with Board members and Association members it attended, local counsel Catron, Catron & Sawtell, P.A. carefully explained the options available to plaintiffs, both inside litigation and, alternatively, in settlement through legislation. Had local counsel not presented this information to its clients in a thoughtful

and thorough manner, thereby laying important ground work for the legislative settlement option, its prior clients would have been less likely to explore the legislative settlement solution that created the fund for the class.

CONCLUSION OF LAW

1. Public Law 108-375(e)(5) requires that the court award compensation for attorneys fees and expenses from this fund "pursuant to Rule 23 of the Federal Rules of Civil Procedure" and it does not restrict such an award to counsel of a certified class of plaintiffs.

2. Subsection h of Rule 23 of the Federal Rules of Civil Procedure does not restrict the award of attorneys fees to class counsel. To the contrary, Subsection (h)(1) of Rule 23 contemplates attorneys fees awards other than those made to class counsel when it states

> A claim for an award of attorneys fees and nontaxable costs must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision, at a time set by the court. Notice of the motion must be served on all parties and, **for motions by class counsel**, directed to class members in a reasonable fashion. [emphasis added].

3. The Advisory Committee Notes explaining Rule 23(h) further clarifies the fact that attorneys, other than those appointed as class counsel, may be awarded fees when it states that

> [Rule 23(h)] provides a format for all awards of attorneys fees and nontaxable costs in connection with a class action, not only the award to class counsel. In some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class, such as attorneys who acted for the class before certification but were not appointed class counsel, or attorneys who represented objectors to a proposed settlement under Rule 23(e) or to the fee motion of class counsel. Other situations in which fee awards are authorized by law or by agreement of the parties may exist.

3

4. Applicant's efforts on behalf of the Pajarito Plateau Homesteaders, Inc. produced a beneficial result for the Pajarito members and, eventually, the entire class through their communication with their clients about the advantages of the legislative settlement when compared to litigation and their diligent representation of the Pajarito members in the litigation.

5. Applicant is entitled to an award of attorneys' fees and costs as requested in its Application and Claim for Award of Attorneys' Fees and Reimbursement of Costs to be paid from the fund set aside by Public Law 108-375 for that purpose.

Submitted by:

SAWTELL, WIRTH & BIEDSCHEID, P.C.
708 Paseo de Peralta
Santa Fe, NM 87501
Telephone (505) 988-1668
Telecopier (505) 983-5840

By _____
Bryan P. Biedscheid

### Certificate of Service

The undersigned hereby certifies that a true copy of the foregoing was sent via first class mail to J.E. Gallegos, Gallegos Law Firm, 460 St. Michaels Dr., Building 300, Santa Fe, NM 87505, Michael Gross, M.P. Gross & Associates P.C., 460 St. Michaels Dr. #401, Santa Fe, NM 87505, Cheryl Hamer Mackell, Pomerantz Haudek Block Grossman & Gross LLP, 1025 Connecticut Avenue, NW, Suite 1000, Washington, DC 20036, Kenneth McCallion, McCallion & Associates, LLP, 16 W 46th St., New York, NY 10036 and Gregory M. Utter, Keating, Muething & Klekamp PLL, 1400 Provident Tower, One East Fourth Street, Cinncinnati, Ohio 45202, this 11th day of October, 2005.

_____