IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JOSE E. GONZALES, PETER E. GOMEZ,
EMELINA GRANT, TERESITA GARCIA MARTINEZ
and MARIA ERNESTINA MONTOYA,

        Plaintiffs,

vs.                                                 No. 00-CV-60 WPJ/RS ACE

UNITED STATES OF AMERICA, et al.,

        Defendants.


PAJARITO PLATEAU HOMESTEADERS, INC.,

        Plaintiffs,

vs.                                                   No. 01-CV-588 MCA/RLP ACE

UNITED STATES OF AMERICA, et al.

        Defendants.

### MEMORANDUM OPINION AND ORDER REQUIRING CLASS COUNSEL TO RE-SUBMIT APPLICATION FOR PAYMENT OF REMAINING FEES

THIS MATTER comes before the Court sua sponte, and upon Class Counsel's Motion for Payment of Remaining Fees and Expenses Incurred to Date and Status Report As To Distribution, filed September 19, 2005 (Doc. 284).

Class Plaintiffs in the underlying consolidated case alleged that for many years following World War II, the Hispanic homesteaders and their families protested what they considered to be the inappropriate takings and lack of adequate compensation by the Government. A legislative resolution was reached after several years, whereby Congress enacted the Pajarito Plateau

Homesteaders Act, authorizing up to 20%, or two million dollars of the ten million dollar fund (the "Common Fund") to be used for attorney's fees.  On February 1, 2005, the Court granted Plaintiffs' motion for an Order of Preliminary and Final Approval of Resolution of Class Claims based on Congressional Action and Issuance of Notice (Doc. 193).  The Court's final approval of the resolution of class claims was entered on April 27, 2005.  Doc. 262.

The Court has already granted Class Counsel an interim award in the amount of $1,000,000 from the 20% amount which the legislation set aside for that purpose: $500,000 was awarded to the Gallegos Law Firm P.C. and J.E. Gallegos; Gross & Assoc., P.C. and Michael P. Gross; and $500,000 was awarded to Keating, Muething & Klekamp, PLL and Gregory M. Utter and Matthew K. Buck (hereinafter, "Gallegos and Gross"; and "KMK," collectively, "Class Counsel").  The Court also awarded Class Counsel $87,877 in costs, and $28,500 in New Mexico gross receipts tax.  Doc. 263.  Class Counsel now move the Court to award the remainder of the $2,000,000 which had been reserved as the maximum amount for attorney fees, suggesting that the Court reserve the final $200,000 in a Court registry until such time as the Special Master in this case certifies that distribution of the common fund is substantially complete, or that the assistance of Class Counsel is no longer required.

On October 13, 2005, the Court held a hearing on motions filed by counsel who had represented the Homesteader plaintiffs for a period of about two years ("Former Counsel").  These motions are pending before the Court.  Class Counsel has taken the position that Former Counsel is not entitled to any award from the two million dollar allotment set aside for attorney

2

fees and expenses, and that the entire $2,000,000 should be awarded in a 50/50 split between Gallegos and Gross, and KMK.

In determining whether to allocate funds to Former Counsel, as well as determining whether Class Counsel are entitled to the remainder of the amount set aside for fees and expenses, the Court must conduct an inquiry into the reasonableness of the fee awards, based on the twelve factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), in calculating and reviewing attorney's fee awards.  See, Uselton v. Commercial Lovelace Motor Freight, Inc., 9 F.3d 849, 853 (10th Cir. 1993) (reaffirming the relevance of the twelve factors originally developed for statutory fee determinations).

Former Counsel McCallion and Mackell have submitted to the Court detailed factual findings to support their contention that they are entitled to an award of fees, although these findings are not categorized specifically on the Johnson factors.[1]  KMK presented an analysis of their work according to the Johnson factors in their initial fee application, as well as timesheets. See Doc. 253 at 6-16; Doc. 248 (Utter Aff.), Ex. C.  Former Counsel object to the fact that KMK has not submitted additional time sheets in support of their request for an additional $500,000 (the subject of Class Counsel's motion for payment of remaining fees and expenses).[2]  See, Doc. 289 at 2; Doc. 303, ¶ 79.

---

[1] McCallion and Mackell submit thirty-five pages of Proposed Findings of Fact, followed by reference to the Johnson factors as the relevant inquiry.  See Doc. 303 at 36.

[2] McCallion and Mackell make much of the fact that no hourly rate was listed for the KMK attorneys in their initial application, but overlook the fact that both attorneys have submitted time sheets, amount of hours worked and amount of fees requested.  Doc. 248, Utter Aff., ¶ 13 and Ex. C, Parts 1, 2 & 3.

Mr. Utter states in his affidavit that KMK expects to spend a great deal of time and expense in the claims procedure, forecasting fees and expenses in the realm of an additional $50,000 - $100,000 in attorney and paralegal time in that endeavor.  Doc. 248, Utter Aff., ¶ 14. Class Counsel's request for remaining fees does not state exactly what these fees and expenses have turned out to be thus far, either for Gallegos and Gross, or KMK.  The motion requests an award of an additional $1,000,000 in fees and costs essentially because Class Counsel has complied with the Court's Order that they assist the Special Master in the claims procedure.  Doc. 284, ¶ 8.

The Court finds merit to holding Class Counsel to the same requirements which Former Counsel has been obligated to follow under Tenth Circuit precedent: providing the Court with support for the reasonableness of attorney fee requests although such additional support need not be 35 pages of requested findings and conclusions.

**IT IS THEREFORE ORDERED** that Class Counsel (Gene Gallegos, Michael Gross, Greg Utter and Matthew Buck) shall re-submit to the Court their request for payment of remaining fees and reimbursement of expenses including supporting documentation for the reasonableness of their request under the Johnson factors, related to the Motion for Payment of Remaining Fees and Expenses Incurred to Date and Status Report As To Distribution (Doc. 284),[3]

---

[3] Class Counsel request a hearing to determine the exact amount of fees to be awarded, which the Court finds to be unnecessary.

IT IS FURTHER ORDERED that considering the Court has authorized payment of $1,000,000 in attorney fees to Class Counsel, and considering that the Court is not interested in making further interim awards, Class Counsel shall re-submit their fee request at such time as the Special Master is ready to make final disbursements of the $10,000,000 legislative settlement fund.[4]

```
                          _____
                          UNITED STATES DISTRICT JUDGE
```

---

[4] The Court recognizes that the Special Master cannot calculate what he concludes should be the final disbursement amounts until the Court rules on the outstanding fee applications of Former Counsel. That ruling should be forthcoming in a matter of days.